REYNA, Circuit Judge,
concurring.
While I concur in the result reached by this court, f write to express several concerns regarding how the result was reached and its future implications. First, I am concerned about Section III of the opinion, which addresses the reasonableness of MSD’s infringement position. This section concludes that “there is no support in the language of claim 1 of the ’236 patent or its prosecution history to support” MSD’s reading of the claims. Op. at 1350-51. MSD’s petition for certiorari argued that, because this court’s prior opinion did not discuss whether MSD’s reading of the claims was reasonable, the Supreme Court should grant, vacate, and remand in light of Commil USA, LLC v. Cisco Sys., Inc., — U.S. -, 135 S.Ct. 1920, 191 L.Ed.2d 883 (2015). Petition for Writ of Certiorari, Medtronic Sofamor Danek USA, Inc. v. NuVasive, Inc., 2015 WL 4397393 at *i.[1]
*1352 While the Supreme Court in Commil stated that a defendant lacks the intent for induced infringement where his reading of the claims is both different from the plaintiffs and reasonable, I do not believe Com-mil opens the door for this court to assess the reasonableness of a defendant’s non-infringement position that is based on a claim construction that a defendant failed to raise, or that was not before the jury.[2] In this case, MSD proposed no construction for the “stopping” limitation, arguing that the limitation has a plain meaning to one of ordinary skill in the art. I would resolve this ease on this basis. Where a defendant proposes no construction of a claim term, this court is speculating to determine what the defendant’s reading of the claims is. We should not be in the business of creating claim constructions for defendants in induced infringement actions so that we may then assess whether the claim constructions are reasonable.
Second, if the question before us is whether the jury had sufficient evidence to find that MSD induced infringement, such as circumstantial evidence showing that MSD was willfully blind, our analysis should discuss that evidence. But, the only evidence the opinion cites as showing MSD’s intent to induce infringement is evidence that MSD’s device itself directly infringed. Op. at 1350-51. Thus, the opinion’s analysis is suspect. Commil indicated that a defendant’s reliance on a claim construction under which it did not infringe, while incorrect or wrong, could still suffice to show that the defendant lacked the intent to induce infringement as long as the construction was reasonable. 135 S.Ct. at 1928. Because the jury was not instructed on this, I find it difficult at best to say that the jury necessarily decided that MSD’s “claim construction” was unreasonable, as the opinion seems to do. Of note, the jury was not presented with the claim construction briefing that the court here relies on in its analysis criticizing MSD’s “claim construction.”
Third, the opinion concludes by stating that “[gjiven the strength of the evidence NuVasive presented, a reasonable jury could have concluded that MSD must have known” its device infringed under the claim constructions adopted by the district court and now affirmed by this court. Op. at 1351. It is not clear what evidence leads to this conclusion, let alone that the evidence is so strong that it shows MSD “must have known” it was infringing. In Global-Tech, the Supreme Court cited evidence that the accused infringer had intentionally withheld key information from its patent attorney when seeking a right-to-use opinion. Global-Tech Appliances, Inc. v. SEB S.A., 563 U.S. 754, 131 S.Ct. 2060, 2071, 179 L.Ed.2d 1167 (2011). In Global-Tech, the evidence demonstrated the defendant’s willful blindness. The opinion here cites no similar evidence. The opinion’s analysis suggests that any time a defendant’s products are found to directly infringe, the plaintiff has sufficiently established the defendant’s intent to induce infringement. This proposition conflicts with Global-Tech, Commil, and our caselaw.

. In Warsaw Orthopedic, Inc. v. NuVasive, Inc., 778 F.3d 1365, 1373 (Fed. Cir. 2015), this court found that MSD was precluded from raising on appeal its construction of the "stopping limitation," because it was raised too late in the proceeding and was therefore waived.

. See supra note 1.